UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BONANO,

                              Plaintiff,

                -v-

ADA SARAH LUBIN *et al.*,

                              Defendants.

---

25 Civ. 5583 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Michael Bonano, a prisoner proceeding *pro se*, brings this § 1983 action against the Assistant District Attorneys who prosecuted him, a witness who testified at his criminal trial, and various public officials. The Complaint alleges facts that may be construed as giving rise to a malicious prosecution claim. For the following reasons, the Court dismisses the Complaint's claims against all defendants save Detective William Tierney, and requests that Tierney waive service of process.

I.      **Procedural History**

On July 1, 2025, Bonano initiated this case. Dkt. 1 ("Compl."). On December 3, 2025, the Honorable Laura Swain granted Bonano IFP status. Dkt. 8. On May 15, 2026, the case was reassigned to this judge.

II.     **Applicable Legal Standards**

The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). Although dismissal on any of these grounds is mandatory, the court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

The "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), however, has its limits. *Pro se* pleadings still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the complaint pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct.

III. **Discussion**

    A.    **Dismissal of Claims**

        1.    **Prosecutorial Immunity for Assistant District Attorneys Lubin, Monaco, Paparo, and Kaplan**

The Complaint brings claims against Assistant District Attorneys ("ADAs") Lubin, Monaco, Paparo, and Kaplan for their conduct in the course of Bonano's prosecution.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (citation omitted)). Prosecutors are absolutely immune from suit for

2

acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70–72 (2d Cir. 2019) (prosecutors' direction as to where criminal defendant would be arraigned was in preparation for court proceeding in which prosecutors acted as advocates, and thus shielded by absolute immunity).

Here, the Complaint's claims against ADAs Lubin, Monaco, Paparo, and Kaplan are based on actions within the scope of their official duties and associated with the conduct of a trial. The Court dismisses these claims because they seek monetary relief against defendants immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and thus are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding claim against prosecutor frivolous where it arises from conduct "intimately associated with the judicial phase of the criminal process").

### 2.    No Personal Involvement by Hochul, Tembeckjian, or Adams

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation omitted)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The facts alleged in the Complaint arguably give rise to a plausible malicious prosecution claim. But no facts alleged suggest that Adams, Hochul, or Tembeckjian were personally involved in Bonano's criminal matter or otherwise violated his federal rights.[1] Bonano's claims against these Defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Witness immunity and no state action by Merida

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Bonano's allegations do not support that Merida acted under color of state law by allegedly providing false information to the police. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) ("The mere furnishing of information to police officers does not constitute joint action under color of state law." (citation omitted)); *Vazquez v. Combs*, No. 04 Civ. 4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police [or] reporting a crime . . . even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").

---

[1] Bonano also alleges that Tembeckjian did not investigate his judicial complaints, but there is no constitutional or otherwise enforceable right to an investigation by government officials. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195–96 (1989) (Due Process Clause generally confers no affirmative right to governmental aid); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) ("no constitutional right to an investigation by government officials" (citation omitted)). Any exceptions to this rule do not apply to the facts alleged here. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98–99 (2d Cir. 1993).

Insofar as Bonano sues Merida for allegedly testifying against him falsely, Merida is entitled to witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) ("[Section] 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding" because witnesses in judicial proceedings have absolute immunity and their testimony alone does not constitute state action); *Harris v. Renylds*, No. 19 Civ. 4818, 2019 WL 4574469, at *2 (E.D.N.Y. Sept. 19, 2019) (private party not liable under § 1983 for allegedly false grand jury testimony).

Merida is alleged to be a private party who is not alleged to work for any state or other government body. He is immune from civil liability for any testimony he gave (even if allegedly false). The Court thus dismisses Bonano's claims against Merida for failure to state a claim on which relief may be granted, and on the ground of witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

## B.     Service as to Tierney

The Clerk of Court is respectfully directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Detective William Tierney waive service of summons.

Bonano must notify the Court in writing if his address changes; the Court may dismiss this action if he fails to do so.

## CONCLUSION

For the reasons above, the Court dismisses Bonano's claims against the following defendants: New York County Assistant District Attorneys Sarah Lubin, Mark Monaco, Zachary Kaplan, and Maureen Paparo; Nordstrom Rack employee Nelson Merida; Governor Kathy Hochul; former New York City Mayor Eric Adams; and Robert Tembeckjian. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

5

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Detective William Tierney waive service of summons.

The Clerk of Court is also directed to mail an information package to Bonano at the address on file.

Bonano may receive court documents by email by completing a Consent to Electronic Service form.[2]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

                                        Paul A. Engelmayer
_____
          PAUL A. ENGELMAYER
          United States District Judge

---

[2] If Bonano consents to receive documents by email, he will no longer receive court documents by physical mail.